UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-24692-CIV-MORENO

STEELE GRANTE,

    Plaintiff,

vs.

JUAN C. QUIROGA, MONICA M.
QUIROGA, JCQ INVESTMENTS, LLC,
MONICA COOK, ELIANA FUGET, and
ROBERT HARDING,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

Plaintiff brought this action against six Defendants to recover for damages he incurred in connection with a botched real-estate transaction. In his Complaint, Plaintiff alleges that this Court has subject matter jurisdiction over the case under 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity jurisdiction), and 1367 (supplemental jurisdiction).

To establish diversity jurisdiction in cases between United States citizens, a plaintiff must show that the amount in controversy exceeds $75,000 and that the case is between citizens of different states. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires that no plaintiff is a citizen of the same state as any defendant. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). The party seeking federal jurisdiction has the burden of demonstrating by a preponderance of the evidence that diversity exists. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011). In his Complaint, Plaintiff alleges that he and all

six Defendants are citizens of Florida. Based on those allegations, complete diversity of citizenship does not exist, so the Court does not have diversity jurisdiction over the case.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's Complaint includes eight state law claims and two federal causes of action under 12 C.F.R. § 591 (Preemption of State Due-on-Sale Laws) and 41 U.S.C. § 6503 (Required Contract Terms for Contracts Made by an Agency of the United States). However, a claim that purports to arise under a federal statute may be dismissed if the alleged claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or if "such a claim is wholly unsubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotations omitted).

Here, Plaintiff has no standing under 12 C.F.R. § 591 to enforce a due-on-sale provision in a contract to which he is not a party. Furthermore, 41 U.S.C. § 6503 does not apply because this case does not involve a contract made by an agency of the United States. Accordingly, Plaintiff's only federal causes of action are clearly invalid, so this Court does not have federal question jurisdiction over the case.

Because the Court lacks diversity and federal question jurisdiction, the Court also lacks supplemental jurisdiction under § 1367 to adjudicate Plaintiff's state law claims. *See* 28 U.S.C. § 1367. Therefore, this Court does not have subject matter jurisdiction and cannot hear the case. Accordingly, it is

**ADJUDGED** that the case is DISMISSED for lack of subject matter jurisdiction.

DONE AND ORDERED in Chambers at Miami, Florida, this \_\_\_30th\_\_\_ of January 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record